UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBIN KNIGHT, ON BEHALF
OF HERSELF AND THOSE
SIMILARLY SITUATED,

CASE NO.:

       Plaintiff,

vs.

STRADMONT OAK
INVESTMENTS, LLC, A
GEORGIA LIMITED LIABILITY
COMPANY, INFINITE DINING
GROUP, INC., A GEORGIA
CORPORATION, JLK II, INC., A
GEORGIA CORPORATION,
AND JAMES LIAKAKOS,
INDIVIDUALLY,

       Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROBIN KNIGHT, on behalf of herself and those similarly situated, sues the Defendants, STRADMONT OAK INVESTMENTS, LLC, a Georgia Limited Liability Company, INFINITE DINING GROUP, INC., a Georgia Corporation, JLK, II, INC., a Georgia Corporation, and JAMES LIAKAKOS, Individually, and alleges:

1. Plaintiff was an employee of Defendants and brings this action for

1

unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2. Plaintiff has worked for Defendants as a server and bartender for Defendants since October 2016.

3. Plaintiff works for Defendants at their Sage Woodfire Tavern restaurant located in Alpharetta, Georgia.

4. At all times, Plaintiff has been paid the "tipped minimum wage" wherein she is paid an hourly rate plus earns tips.

5. Plaintiff works for Defendants in Fulton County, Georgia, and is within the jurisdiction of this Court.

6. Defendants, STRADMONT OAK INVESTMENTS, LLC, INFINITE DINING GROUP, INC., and JLK, II, INC., are Georgia corporate entities which operate and conduct business in Fulton County, Georgia and are therefore within the jurisdiction of this Court.

7. Defendants, STRADMONT OAK INVESTMENTS, LLC, INFINITE DINING GROUP, INC., and JLK, II, INC., operate the Sage Woodfire Tavern and utilize different entities for payroll purposes but all for the single purpose of operating the restaurant.

8. At all times relevant to this action, JAMES LIAKAKOS was an

individual resident of the State of Georgia, who owned and operated STRADMONT OAK INVESTMENTS, LLC, INFINITE DINING GROUP, INC., and JLK, II, INC., and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of STRADMONT OAK INVESTMENTS, LLC, INFINITE DINING GROUP, INC., and JLK, II, INC. By virtue of having regularly exercised that authority on behalf of STRADMONT OAK INVESTMENTS, LLC, INFINITE DINING GROUP, INC., and JLK, II, INC., JAMES LIAKAKOS is an employer as defined by 29 U.S.C. § 201, et seq.

9. This action is brought under the FLSA to recover from Defendants overtime compensation, minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

10. This action is intended to include each and every bartender or server who has worked for Defendants within the last three (3) years.

11. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

12. During Plaintiff's employment with Defendants, Defendants, STRADMONT OAK INVESTMENTS, LLC, INFINITE DINING GROUP, INC., and JLK, II, INC., earned more than $500,000.00 per year in gross sales.

13. During Plaintiff's employment with Defendants, Defendants, STRADMONT OAK INVESTMENTS, LLC, INFINITE DINING GROUP, INC., and JLK, II, INC., employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

14. Included in such goods, materials and supplies were food and drink, restaurant equipment, silverware, plates, glasses, tables, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

15. Therefore, Defendants, STRADMONT OAK INVESTMENTS, LLC, INFINITE DINING GROUP, INC., and JLK, II, INC., are an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA Violations

16. At all times relevant to this action, Defendants failed to comply with the FLSA by cutting time from Plaintiff's and other similarly situated employees' pay and failing to pay them for all hours worked.

17. During her employment with Defendants, Plaintiff and the other similarly situated employees would clock in and out on a timekeeping system.

18. At the end of her shift, Plaintiff could print her time slip showing the hours she worked.

19. However, subsequently, Defendants would alter Plaintiff's and

other employees' time records and reduced the hours they were clocked in so Defendants would pay them less.

20. Other similarly situated servers and bartenders suffered from this same practice and as a result were not paid for all hours worked, including not being paid for all overtime hours worked.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

21. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-20 above.

22. Plaintiff was entitled to be paid overtime compensation for her overtime hours worked.

23. During her employment with Defendants, Plaintiff and other similarly situated employees had their recorded time cut by Defendants, causing Plaintiff and these similarly situated employees to not be paid time and one-half of their hourly rates for all overtime hours worked.

24. Defendants did not have a good faith basis for their decision to arbitrarily reduce Plaintiff's and other employees' time records.

25. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff and other employees complete overtime compensation, Plaintiff and these employees have suffered damages plus incurring reasonable attorneys' fees and costs.

5

26. As a result of Defendants' willful violation of the FLSA, Plaintiff and the other employees are entitled to liquidated damages.

27. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, ROBIN KNIGHT, on behalf of herself and those similarly situated, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT I - RECOVERY OF MINIMUM WAGE COMPENSATION

28. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-20 above.

29. Plaintiff was entitled to be paid the appropriate minimum wage for each hour worked.

30. During her employment with Defendants, Plaintiff and other similarly situated employees had their recorded time cut by Defendants, causing Plaintiff and these similarly situated employees to not be paid the appropriate minimum wage for each hour worked in each week.

31. Defendants did not have a good faith basis for their decision to arbitrarily reduce Plaintiff's and other employees' time records.

32. As a result of Defendants' intentional, willful and unlawful acts in

refusing to pay Plaintiff and other employees minimum wage compensation for each hour worked, Plaintiff and these employees have suffered damages plus incurring reasonable attorneys' fees and costs.

33. As a result of Defendants' willful violation of the FLSA, Plaintiff and the other employees are entitled to liquidated damages.

34. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, ROBIN KNIGHT, on behalf of herself and those similarly situated, demands judgment against Defendants for unpaid minimum wage compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this **29th** day of June, 2017.

/s/ C. Ryan Morgan
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: RMorgan@forthepeople.com
*Attorneys for Plaintiff*